```
               UNITED STATES DISTRICT COURT
             SOUTHERN DISTRICT OF WEST VIRGINIA
                       AT CHARLESTON
```

**NATIONWIDE MUTUAL INSURANCE COMPANY,**
and Ohio corporation,

    **Plaintiff**

**v.**                                         **CIVIL ACTION NO. 2:05-0500**

**DORIS JEAN QUEEN, an individual, and**
**RODNEY R. WAUGH, an individual,**

    **Defendants**

## MEMORANDUM OPINION AND ORDER

**Pending are defendants' motion to transfer venue and plaintiff's motion for leave to respond out of time to defendant's transfer motion. The motions were filed respectively on October 24 and November 23, 2005. Finding good cause, the court ORDERS that the motion for leave to respond out of time be, and it hereby is, granted.**

I.

**Plaintiff Nationwide Mutual Insurance Company is a citizen of Ohio. (Compl. ¶ 1.) Defendant Doris Jean Queen is a sixty (60) year old West Virginia resident. (Id. ¶ 2.) Defendant Rodney R. Waugh, forty-six (46) years of age, was a Kentucky resident at the time this action was instituted. (Id. ¶**

4.) Although defendants deny the allegation, plaintiff contends Waugh was previously a South Carolina resident. (Id. ¶ 6.) The parties concur that the amount in controversy exceeds the jurisdictional minimum. (Id. ¶ 11; Ans. ¶ 4.)

Plaintiff provided underinsured motorists coverage to Queen through a standard automobile insurance policy ("Queen policy").[1]  (Compl. ¶¶ 13-14.) On May 20, 2001, Waugh was in possession of a loaned vehicle from his employer, Burdette Chevrolet, Inc. ("employer"). (Id. ¶ 22.) Waugh was a passenger in the vehicle on that date and his girlfriend, Jeannie Necessary, was driving. (Id. ¶¶ 17, 24.) Plaintiff contends Necessary was intoxicated while operating the automobile. (Id. ¶ 25.)

Waugh sustained injuries during the accident and, on May 3, 2004, he instituted an action against Necessary and the employer in the Darlington County Court of Common Pleas in South Carolina ("underlying action"). (Id. ¶¶ 28-29; Defs.' Memo. in Supp. at 1.) The underlying action was ultimately settled against the named defendants for Necessary's policy limits of $15,000. (Defs.' Memo. in Supp. at 1.)

---

[1]Aside from her status as the Queen policy holder, and the fact she will likely be a subject of discovery, there is little linking Queen to this action.

2

Plaintiff alleges that the Queen policy provides coverage for "relative[s,]" defined as those "who regularly live[] in [the insured's] household and who . . . [are] related to [the] insured by blood, marriage or adoption (including a ward or foster child)."  (Id. ¶¶ 37-38.)  Plaintiff further avers that "relative" coverage is extended also to one who "may live temporarily outside" the insured's household.  (Id. ¶ 39.)

The complaint contains further allegations designed to demonstrate that Waugh was living at various addresses in South Carolina on the date of the accident.  (Id. ¶¶ 40-44.)  In a section entitled "[Waugh's] Other South Carolina Contacts[,]" plaintiff sets forth a host of indicia suggestive of Waugh's South Carolina residency, including observations that (1) the accident occurred there, (2) the employer that owned the car was located there, (3) Waugh's medical bills were sent there, (4) he received medical care there for almost five months after the accident, and (5) he filed the underlying action there.  (Id. ¶¶ 47, 49, 51-52, 54.)  Plaintiff apparently concedes, however, that Waugh and Queen did, at one time, live adjacent to one another in two trailers situated on family property in Chapmanville, West Virginia, albeit in separate households.  (Id. ¶¶ 57, 59, 60, 61, 65.)

3

Waugh notified plaintiff that he sought coverage under the Queen policy. (Id. ¶ 30.) On June 22, 2005, plaintiff instituted this action seeking a declaration that Waugh is not an insured under the Queen policy. (Id. at wherefore clause.) On October 24, 2005, defendants moved to transfer venue to the United States District Court for South Carolina. Plaintiff opposes the motion.

## II.

Title 28 U.S.C. § 1404(a) provides "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought." 28 U.S.C. § 1404(a). Section 1404(a) vests "discretion in the district court to adjudicate motions for transfer according to an 'individualized, case-by-case consideration of convenience and fairness.'" Stewart Organization v. Ricoh Corp., 487 U.S. 22, 29 (1988) (quoting Van Dusen v. Barrack, 376 U.S. 612, 622 (1964)).

The movant shoulders the significant burden of demonstrating the propriety of transfer. AFA Enters., Inc. v. American States Ins. Co., 842 F. Supp. 902, 909 (S.D. W. Va.

1994) (citations omitted).  This is due, in part, to the well-settled rule that plaintiff's choice of forum is to be accorded considerable weight.  Id. (citing Gulf Oil Corp. v. Gilbert, 330 U.S. 501, 508, 67 S. Ct. 839, 91 L.Ed. 1055 (1947)).  Indeed, transfer will be denied where it would merely shift the inconvenience from one party to the other.  Id.

The statute requires the balancing of "a number of case-specific factors."  Id.  The factors include (1) the plaintiff's choice of forum, (2) the ease of access to sources of proof, (3) availability of compulsory service, (4) the local interest in adjudicating the action, (5) obstacles to a fair trial, (6) court congestion, and (7) avoidance of unnecessary conflicts of law.  Koehring Co. v. Hyde Construction Co., 324 F.2d 295, 296 (5th Cir. 1963) (citing with approval the factors identified in Gulf Oil Corp., 330 U.S. 351, 358 (1947), for application of the doctrine of forum non conveniens as appropriate considerations in assessing a motion made pursuant to § 1404(a)); see also 15 Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure §§ 3847–54 (2d ed. 1986) (discussing factors).

As grounds for transfer, defendants contend (1) plaintiff, a resource-rich insurance company, has already

retained South Carolina counsel who participated in all depositions taken during the underlying action, (2) the underlying tort action was filed in South Carolina, (3) the retention of West Virginia counsel would cause undue expense and hardship to Waugh, (4) Wayne Burdette, Sr., presumably the employer's owner, along with other unnamed South Carolina witnesses, would be inconvenienced by having to travel to West Virginia for trial, and (5) this action was instituted in West Virginia solely to increase the costs and hardship already visited upon Waugh.

In response, plaintiff identifies a number of considerations militating against transfer, including the following: (1) venue was chosen based upon Queen's state of residence, (2) the policy was issued in West Virginia, (3) this action involves an insurance contract, separate and apart from the circumstances attendant to the underlying tort, (4) Queen's obligations under the policy are performed in West Virginia, (5) the essential proof in the case is found in both West Virginia and South Carolina, (6) Queen, a key witness, resides in West Virginia, (7) Waugh would be required to travel less than 100 miles if venue is left unchanged, as opposed to nearly 500 miles if transfer occurs, and (8) if Waugh prevails he will, in any

6

event, be entitled to recover his attorney fees and expenses pursuant to West Virginia law.

The court begins with the significant consideration that plaintiff chose to institute this action in West Virginia. Second, the location of the sources of proof is a mixed bag containing both West Virginia and South Carolina elements. Third, defendants note only one witness by name, Burdette, who might not be subject to compulsory service for trial.  This is militated, however, by the court's willingness to entertain a request later in the case to permit Burdette to appear by evidentiary deposition if necessary.  Fourth, West Virginia has a substantial interest in adjudicating actions relating to insurance contracts entered into within its borders.  Fifth, there are no significant obstacles to a fair trial, no indication of court congestion in this district, and the law giving jurisdiction is West Virginia.

Based upon the foregoing analysis, defendants have not discharged their burden and have not consequently made the required showing necessary to upend plaintiff's forum choice. The court, accordingly, ORDERS that defendants' motion to transfer venue be, and it hereby is, denied.

7

The Clerk is directed to forward copies of this written opinion and order to all counsel of record.

DATED: December 12, 2005

John T. Copenhaver, Jr.
United States District Judge